### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEIMON CRAYTON,

       **Plaintiff,**

v.                                                    Case No. 24-cv-1077-NJR

WEXFORD HEALTH SOURCES INC.,
DR. BOB, NURSE ALLY, P. MYERS, A.
DESAI, HUNGATE, MAJOR MEZO, J.
BATHON, DILLINGER, PETER
MULHERN, CITY OF MT. VERNON, and
CITY OF PINCKNEYVILLE,

       **Defendants.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Keimon Crayton, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Crayton alleges the defendants were deliberately indifferent in delaying medical care for his injured shoulder in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### *In Forma Pauperis* Motion

Section 1915(g) prohibits a prisoner from bringing a civil action or appealing a civil judgment *in forma pauperis* ("IFP"), "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). A review of documents filed in the electronic docket of this Court and on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) reveals that Crayton has had three cases which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *Crayton v. DHS of Illinois*, Case No. 22-cv-4053-MMM (C.D. Ill. dismissed April 14, 2022); *Crayton v. East Moline Police Dep't*, Case No. 22-cv-4067-CSB (C.D. Ill. dismissed June 21, 2022); *Crayton v. Rock Island County Courthouse*, Case No. 22-cv-4070-CSB (C.D. Ill. dismissed Jun 21, 2022).

Thus, Crayton has accumulated three "strikes" for purposes of Section 1915(g) and cannot proceed IFP unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). "Imminent danger" within the meaning of Section 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Courts "deny leave to proceed [as a pauper] when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when

prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed [as a pauper]." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

Crayton fails to allege that he faces imminent danger. His Complaint alleges deliberate indifference in the treatment of a shoulder injury. Although he alleges that doctors at Pinckneyville Correctional Center delayed the evaluation of his shoulder and surgery for the injury, he acknowledges that he eventually received surgery for the injury on March 26, 2024 (Doc. 1, p. 5). Thus, any allegation of a delay is a past harm that does not suffice for determining imminent danger. Although he alleges that the surgeon failed to perform the procedure that Crayton wanted, and doctors and other medical staff at Pinckneyville failed to provide him with proper pain medications after the surgery, there are no allegations to suggest that he is currently in imminent danger of physical harm. He had the surgery prescribed, and he has been provided with pain medication, although not the specific pain medication he desires. Further, he alleges that on April 3, 2024, a guard hit his shoulder and that Major Mezo failed to reprimand the guard, but this is a past event and there is no indication that he is imminent danger of harm from this guard or other staff at Pinckneyville. None of the allegations in the Complaint suggests that Crayton is at risk of imminent danger.

The Court notes that since the filing of the original complaint, Crayton has filed two amended complaints, substituting parties and claims and adding additional piecemeal allegations. (Docs. 6, 9). Although Crayton has styled the pleadings, particularly the second amended complaint (Doc. 9), as somewhat of a freestanding document, both still seem to piggyback on the allegations in the original complaint that provide significant context for the issues he describes with his shoulder injury, shoulder surgery in March 2024, and subsequent care. While the original complaint was 16 pages, the subsequent pleadings have been just six

and nine pages and contain very little information about the lead-up to recent events that is necessary to understand the overall allegations. Of most importance for the imminent danger analysis, in Crayton's amended pleadings, he suggested that he has experienced ongoing intermittent access to pain medication. He also admits, however, that when he returned to the shoulder surgeon for a follow-up consultation on April 12, 2024, he was prescribed a higher dose of Tramadol, which had previously been somewhat effective in targeting his pain. He suggests he may have experienced a delay securing the medication, but he did not indicate that as of the date of filing the amended pleading (April 16, 2024) he was without the medication. (Doc. 9, pp. 5-6). Against this backdrop, it still seems that Crayton may have access to appropriate medication, despite some hiccups.

If Crayton does not in fact have access to appropriate pain medications, it is feasible he *may* be able to make a showing that he is in imminent danger. If Crayton believes that this is his situation, then he should file an amended pleading that is a freestanding document, and that does not rely on allegations in his other three pleadings. Piecemeal amendments are not appropriate and make it very difficult for the Court to determine the claims presented. If Crayton opts to go this route, any amended pleading will again be subject to review for an imminent danger determination, which may still result in a finding that Crayton needs to pay the full filing fee to proceed with this action.

Crayton filed a motion to proceed *in forma pauperis* (Doc. 2), but the motion fails to address the imminent danger standard or identify his prior case history. Instead, the motion focuses on entirely different claims. He alleges that he was held without probable cause in October 2021 at the Rock Island County Jail. Not only is this a past harm, but it also appears to be the subject of previous lawsuits filed in the Central District of Illinois. See *Crayton v.*

4

*East Moline Police Dep't*, Case No. 22-cv-4067-CSB (C.D. Ill. dismissed June 21, 2022); *Crayton v. Rock Island County Courthouse*, Case No. 22-cv-4070-CSB (C.D. Ill. dismissed Jun 21, 2022). Thus, his claims in this case do not clear the three-strike hurdle.

<u>**Disposition**</u>

For the reasons set forth above, Crayton's Motion to Proceed *in Forma Pauperis* (Doc. 2) is **DENIED**. His motion for summons (Doc. 3) is **DENIED as moot**.

**IT IS ORDERED** that Crayton shall pay the full filing fee of **$405.00** for this action on or before **May 24, 2024**. If Crayton fails to comply with this Order in the time allotted by the Court, this case will be dismissed for failure to comply with a court order and/or for failure to prosecute this action. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

Alternatively, if Crayton believes that he can meet the imminent danger standard, he must file a freestanding amended complaint that clearly describes his situation and collects all claims against all parties in a single document. Crayton must file any amended pleading **on or before May 24, 2024**. If he chooses to amend, he must also file a new Motion to Proceed *In Forma Pauperis*. The Clerk of Court is **DIRECTED** to send Crayton a civil rights template, which he must use if he files an amended complaint. ***He must accurately include his litigation history***. Failure to do so may also result in the dismissal of this action, or an appropriate sanction.

Finally, Crayton is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with

this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 25, 2024**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**